### HUFF *vs.* WEBB.

*(Supreme Court of Texas. Austin Term, 1885.)*

EVIDENCE—DEED—ACKNOWLEDGEMENT. A certificate, by the officer taking an acknowledgment to a deed of conveyance, that the grantor appeared and acknowledged that (blank) had signed, etc., is defective, and the deed is not admissible in evidence as a recorded instrument.

Error to Hill.

Trespass to try title. The defendant assigned error.

B. D. Tarlton, for plaintiff in error.

A. P. McKennon, contra.

Stayton, J., in delivering the opinion of the court said : The plaintiff, as a link in his chain of title, offered in evidence a deed having the following certificate of acknowledgment: "State of Texas, County of Brown. Before me, W. H. Shelton, J. P., and *ex officio* notary public, in and for the County of Brown, personally appeared G. J. Goodwin, to me well known, party to the above instrument of writing, bearing date the 9th day of April, A. D. 1867, and acknowledged that            had signed, sealed, and delivered the same for the purposes and consideration therein stated. In testimony," etc. The deed was objected to on the ground that the certificate of acknowledgment did not show that G. J. Goodwin acknowledged that he had executed the deed, and this objection was overruled. A deed though admitted to record cannot be admitted in evidence as a recorded instrument unless it be authenticated for record in a manner in substantial compliance with the requirements of the statute. It is necessary to a proper certificate of acknowledgment of a deed or other instrument, that it should appear that the maker appear before the officer "and stated that he executed the same." R. S. 4308, 4312. In the one before us it is not made to appear that G. J. Goodwin declared before the officer that he executed the deed. This cannot be inferred from the fact that he appeared before the officer and acknowledged that some person not mentioned or indicated had execu-

ted it. A certificate of acknowledgment containing the same defect as that in the certificate before us was examined by the Supreme Court of Michigan, Buell *vs.* Irwin, 24 Mich. 152, and was held insufficient. The deed should have been excluded when offered as a properly recorded instrument, and for the error of the court in admitting it the judgment of the court below will be reversed and the cause remanded.—*The Reporter.*